| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| YOLANDA ROBERTS, § | |
| § | |
| Plaintiff, § | |
| § | |
| *versus* § | CIVIL ACTION NO. 1:18-CV-138 |
| § | |
| COMMISSIONER OF SOCIAL § | |
| SECURITY ADMINISTRATION, § | |
| § | |
| Defendant. § | |

## ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION

The Plaintiff requests judicial review of a final decision of the Commissioner of Social Security Administration with respect to her application for disability-based benefits. The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge submitted a report recommending that the court affirm the Commissioner's decision.

The court considered the report and recommendation filed on August 2, 2019 (Doc. No. 21) and the Plaintiff's objections filed on August 16, 2019 (Doc. No. 22). A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(c) (Supp. IV 2011); FED. R. CIV. P. 72(b)(2)-(3). "Parties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1412 (5th Cir. 1996) (en banc).

Roberts alleges that Judge Hawthorn erred in finding the residual functional capacity assessment was supported by substantial evidence. As argued in her briefing, she again asserts that ALJ Henry failed to include certain functional limitations into her RFC[1] finding, including: hand/finger manipulation; lifting restrictions; and stricter visual limitations. (Doc. No. 22.)

As noted by Judge Hawthorn, ALJ Henry took into consideration all of these alleged limitations and discussed them in detail in her decision. The functional limitations imposed by ALJ Henry are based upon the substantial evidence in this case. As outlined by Judge Hawthorn, she carefully analyzed and weighed all of the evidence from the various medical providers/experts and her decision is well reasoned and well supported. An ALJ is not required to incorporate limitations in the RFC that she did not find to be supported in the record. *See Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir.1991) ("The ALJ as factfinder has the sole responsibility for weighing the evidence and may choose whichever physician's diagnosis is most supported by the record.") To the extent that the isolated opinions of various physicians and experts are in tension with one another, the ALJ was justified in accepting the testimony and findings of some over others. As such, this objection to the report and recommendation is overruled.

The Court has conducted a *de novo* review of the purported objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful review, the Court concludes that the Plaintiff's objections are without merit. Accordingly, the Court **ADOPTS** the magistrate judge's recommendation, **OVERRULES** the Plaintiff's objections, and **AFFIRMS** the

---

1. RFC is what an individual can still do despite her limitations. SSR 96–8p, 1996 WL 374184, at *2 (S.S.A. July 2, 1996). It reflects the individual's maximum remaining ability to do sustained work activity in an ordinary work setting on a regular and continuing basis. *Id.*; *see Myers v. Apfel*, 238 F.3d 617, 620 (5th Cir.2001).

Commissioner's denial of benefits. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

SIGNED at Beaumont, Texas, this 22nd day of August, 2019.

*[signature: Marcia A. Crone]*

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE